700 So.2d 441 (1997)
Charles CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3806.
District Court of Appeal of Florida, Fourth District.
October 15, 1997.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was convicted of burglary of a dwelling as a result of taking a bicycle from behind the victim's house. The yard was enclosed partially by a wooden fence and a chain link fence; however, there was a space of between ten and fifteen feet in order to accommodate the victim's boat and trailer. In response to a question from the jury, the court instructed the jury that the structure did not have to be totally enclosed, and appellant argues that this was error. We affirm.
In our burglary statute "dwelling" is defined by section 810.011(2), Florida Statutes (1995) as: "a building or conveyance of any kind, either temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof." The court instructed the jury in accordance with the Florida Standard Jury Instruction (Crim.) [p.136] as follows:
"Structure" means any building of any kind, either temporary, or permanent, that *442 has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure.[1]
During deliberations the jury asked whether the structure had to be "totally enclosed." Over the defendant's objection, the court responded by instructing the jury as follows:
The answer to the question is no. Does the structure have to be totally enclosed the answer to the question is no; but by answering this question, I make no decision as to whether or not there has been such evidence introduced that the structure in evidencethat the structure in question was enclosed.
Appellant argues that this instruction misstated the law, relying on State v. Hamilton, 660 So.2d 1038, 1039 (Fla.1995). In Hamilton the Florida Supreme Court was asked to decide, by certified question:

DOES FLORIDA'S BURGLARY STATUTE REQUIRE THAT THE "CURTILAGE" BE ENCLOSED AND, IF SO, TO WHAT EXTENT?
After an extensive discussion of curtilage at common law, as well as in other jurisdictions, the court observed that curtilage is not necessarily an enclosed area. Because the legislature had not expressed that intent in Florida's burglary statute, however, the court construed the statute in favor of the defendant, determining that "such a construction here requires us to carry forward the common law requirement of some form of an enclosure." Hamilton, 660 So.2d at 1044. Noting that the victim's yard in that case was not enclosed, the court concluded that the evidence did not support a conviction for burglary of a dwelling.
We conclude that the fencing in the present case, although it contained the ten to fifteen foot gap, conformed to the "some form of enclosure" requirement of Hamilton. It would be a rare fenced yard which did not have a manner of ingress or egress through the fence, which may be gated or ungated. We cannot imagine that there should be any distinction between crimes committed by those who illegally enter such yards, depending on whether there is a closed gate, an open gate, or no gate. Hamilton does not require total enclosure, and accordingly the court properly responded to the jury's question by telling it that the structure does not have to be totally enclosed. See Fla. R.Crim. P. 3.985 (where standard instruction is inadequate trial judge shall modify or amend form).
In regard to his sentencing, we reject appellant's argument that the trial court was vindictive because he exercised his right to go to trial, but agree, as does the State, that there is a scoresheet error. We therefore affirm the conviction, but remand for resentencing based on a corrected guidelines scoresheet.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] The burglary statute, section 810.02, Florida Statutes, refers to both dwellings and structures, and both terms are defined in a similar manner in section 810.011.