970 So.2d 929 (2008)
James J. FRAZIER, Cross-Appellant,
v.
STATE of Florida, Cross-Appellee.
No. 4D06-2057.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Dan Hallenberg of Law Office of Dan Hallenberg, P.A., Fort Lauderdale, for cross-appellant.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for cross-appellee.
SHAHOOD, C.J.
We affirm cross-appellant (hereafter "appellant") James J. Frazier's conviction following a jury trial for the offenses of burglary of an occupied dwelling and petit theft. However, we remand to the trial court for resentencing.
As his first issue, appellant urges that he is entitled to a new trial based upon the prosecutor's comment during closing argument that if the jury did not follow the law regarding the definition of a "dwelling," it would not be following the law, "just as" appellant had done. Appellant contends that this comment improperly implied the jury would be committing a crime if it did not follow the law, and nullified the jury's inherent right to issue a jury pardon by finding appellant guilty of the lesser offense of trespass.
"The proper exercise of closing argument is to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence." Bertolotti v. State, 476 So.2d 130, 134 (Fla. 1985). "Merely arguing a conclusion that can be drawn from the evidence is permissible fair comment." Mann v. State, 603 So.2d 1141, 1143 (Fla.1992). The control of comments during closing argument is within the trial court's discretion and an appellate court will not interfere unless an abuse of discretion is shown. Breedlove v. State, 413 So.2d 1, 8 (Fla.1982).
*931 We hold there was nothing improper in the prosecutor's urging the jury to follow the law.
Appellant next argues that the trial court erred in denying his motion for judgment of acquittal. Specifically, appellant contends that the State failed to make its prima facie case of burglary because it failed to present evidence that appellant entered a dwelling. The State maintains that the trial court correctly denied the motion based on evidence it introduced that appellant was inside the victim's fenced-in yard digging up a tree. We affirm as to this issue on the authority of Chambers v. State, 700 So.2d 441 (Fla. 4th DCA 1997).
As his final issue on appeal, appellant argues that he is entitled to resentencing due to significant errors in the calculation of his Criminal Punishment Code Scoresheet. Appellant claims that the correct scoring would have provided a lowest permissible prison sentence of 89.85 months, significantly less than the 120 months to which the trial court sentenced him. The State concedes, and we agree, that this case must be remanded for resentencing under a corrected scoresheet.
We accordingly affirm appellant's convictions and remand for resentencing.
Affirmed; Remanded for Sentencing.
FARMER and TAYLOR, JJ., concur.