GERBER, J.
 

 The plaintiff appeals from: (1) orders granting the defendants’ motions for attorney’s fees and costs under section 57.105(1), Florida Statutes (2008), following a mistrial; and (2) final judgments for the defendants following a second trial. We reverse the orders granting the defendants’ motions for attorney’s fees and costs, but affirm the final judgments.
 

 The plaintiff sued her gynecologist and her primary care physicians for negligence. She alleged that in October, 2000, her gynecologist noted a mass on her right breast and sent her for a mammogram, but over the next eighteen months, he failed to evaluate the possibility of breast cancer. She further alleged that in October, 2001, her primary care physicians saw her due to discomfort in her right breast, but they failed to evaluate the possibility of breast cancer. She further alleged that her gynecologist’s and her primary care physicians’ failure to treat her breast cancer in a timely manner breached their duty of care and caused her to have a radical mastectomy in June, 2002.
 

 In response, the gynecologist alleged that he advised the plaintiff to see a surgeon after the October, 2000 visit, but she did not do so. The primary care physicians alleged that they ordered an ultrasound for the plaintiff after the October, 2001 visit, but it showed no evidence of cancer. Further, both the gynecologist and the primary care physicians alleged that, due to the nature of the plaintiffs
 
 *1143
 
 breast cancer, she would have required a radical mastectomy under any circumstances.
 

 The Mistrial and the Defendants’ Motions for Attorney’s Fees and Costs
 

 During jury selection of the first trial, the following exchange occurred between the plaintiffs counsel and a potential juror:
 

 PLAINTIFF’S COUNSEL: Have you ever heard of the term “doctoring of records?” Do you know what that means ... ?
 

 JUROR: Yes, I know what that means.
 

 PLAINTIFF’S COUNSEL: What does that mean?
 

 JUROR: It means falsifying.
 

 PLAINTIFF’S COUNSEL: Did everyone hear [him]? Would you say it out loud, please?
 

 JUROR: Doctoring of records.
 

 PLAINTIFF’S COUNSEL: Means what?
 

 JUROR: Falsifying records.
 

 PLAINTIFF’S COUNSEL: Do you all realize that both sides will present expert testimony supporting their position and it will be up to you to listen to the reasoning of—
 

 GYNECOLOGIST’S COUNSEL: ... Your Honor, I have a motion I’d like to make.
 

 The gynecologist’s counsel moved for a mistrial, arguing “there is no issue in this case of changed or falsified records.... It’s not been pled, it’s not been the subject of expert testimony.” The trial court asked the plaintiffs counsel whether the plaintiff had pled fraud or spoliation in the complaint. The plaintiffs counsel responded that the question of doctoring records was an evidentiary issue and that the plaintiff did not have to plead fraud or spoliation in the complaint. The court granted the motion for mistrial. The court reasoned: “The impression that’s now been left with the jury is improper. It’s not something that’s pled; it’s not something that was before the jury.”
 

 The gynecologist later filed a motion alleging that he was entitled to recover his attorney’s fees and costs from the plaintiffs counsel on two grounds. First, the gynecologist argued that, pursuant to section 57.105(1), Florida Statutes (2008), the plaintiffs counsel “presented the novel idea of fraudulent and/or altered records, [and] there were no material facts to establish such a claim.” Second, the gynecologist argued that, pursuant to
 
 Moakley v. Smallwood,
 
 826 So.2d 221 (Fla.2002), the plaintiffs counsel’s tainting of the entire jury panel when there was no evidence of fraud “can only be viewed as egregious conduct.”
 

 The plaintiffs counsel responded that he had a good faith basis to claim the “doctoring of records” based on four documents obtained during discovery:
 

 1)
 
 The gynecologist’s October 10, 2000 progress note which contained a separate handwritten notation: “[R]etum to office in six weeks, recheck breast ... explained extensively.”
 
 The gynecologist testified at his deposition that this notation meant he told the plaintiff to have a surgeon evaluate her, but she did not want to go. According to the plaintiff, however, the gynecologist only told her to get a mammogram. Thus, the plaintiff argued that the gynecologist must have added the notation to the progress note after litigation commenced.
 

 2)
 
 An October 17, 2000 mammogram report from a diagnostic center to the gynecologist containing a handwritten
 
 
 *1144
 

 notation by the gynecologist’s assistant stating: “Patient to return for recheck and above or surgical evaluation.
 
 ” According to the plaintiff, the gynecologist never referred her for a surgical evaluation. Thus, the plaintiff argued that the gynecologist must have had his assistant add the notation to the report after litigation commenced.
 

 3)
 
 An April 11, 2001 mammogram report from the diagnostic center to the gynecologist indicating that additional testing was necessary.
 
 The report was in the diagnostic center’s records but was not in the gynecologist’s records. The gynecologist, at his deposition, attempted to explain this discrepancy by testifying that he never received the report. The diagnostic center’s records custodian, however, testified that the center automatically faxed reports like this one to the physician who requested the report, and she knew of no instance in which a requesting physician did not receive the report. Thus, the plaintiff argued that the gynecologist must have removed this report from his records after litigation commenced.
 

 4)
 
 A January 21, 2002 referral from the gynecologist to the primary care physicians containing a handwritten notation of “surgical eval.”
 
 The primary care physician who examined the plaintiff two months after the referral testified that he had never seen the referral before. Thus, the plaintiff argued that the gynecologist must have added the notation to the referral after litigation commenced.
 

 Despite the plaintiffs arguments, the trial court entered an order granting the gynecologist’s motion for attorney’s fees and costs pursuant to section 57.105(1). The court stated it found no allegations of “falsification of records” or “removal of records” in the complaint or the pre-trial stipulation; the only issue which the plaintiff brought out in discovery was what the court characterized as a “he said/she said” factual dispute, not the “doctoring of records”; and with regards to the “removal of records,” the only evidence was that the diagnostic center “says [it] sent the record but has no confirmation and the [gynecologist] says he did not receive the report.” The court found that “raising such detrimental claims for the first time in voir dire with no proof, no handwriting expert, nothing more than ‘he said/she said’ testimony after the [p]arties had litigated the [c]ase for four years is improper and falls within this court[’]s authority under Florida Statute 57.105 to award attorney’s fees.” The court did not address the gynecologist’s alternative argument that it should impose attorney’s fees against the plaintiffs counsel for bad faith conduct pursuant to
 
 Moakley.
 

 After the trial court granted the gynecologist’s motion for attorney’s fees and costs, the primary care physicians filed a similar motion to recover their attorney’s fees and costs pursuant to section 57.105(1). The trial court entered an order granting that motion as well.
 

 The plaintiff now appeals from the trial court’s orders. Normally, we review a trial court’s order awarding section 57.105(1) attorney’s fees for an abuse of discretion.
 
 Asinmaz v. Semrau,
 
 42 So.3d 955, 957 (Fla. 4th DCA 2010) (citation omitted). However, to the extent a trial court’s order on attorney’s fees is based on its interpretation of the law, we have de novo review.
 
 Robin Roshkind, P.A. v. Machiela,
 
 45 So.3d 480, 481 (Fla. 4th DCA 2010) (citation omitted).
 

 Applying de novo review to the trial court’s interpretation of the law here, we conclude that the trial court, in granting the defendants’ motions for attorney’s fees and costs, misinterpreted the law in three respects: (1) section 57.105(1) did not apply to this situation; (2) even if section
 
 *1145
 
 >57.105(1) applied, it was impossible for the plaintiff to allege fraud or spoliation in the complaint; and (3) an award of costs is not allowed under section 57.105(1). We address each ground in turn.
 

 First, section 57.105(1) did not apply to this situation. Section 57.105(1) provides, in pertinent part:
 

 Upon ... motion of any party, the court shall award a reasonable attorney’s fee ... to be paid to the prevailing party ... at any time ... in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
 

 (a) Was not supported by the material facts necessary to establish the claim or defense; or
 

 (b) Would not be supported by the application of then-existing law to those material facts.
 

 However, section 57.105(1) is conditioned by section 57.105(4), Florida Statutes (2008), which provides:
 

 A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
 

 Here, given that the plaintiffs counsel alleged the “doctoring of records” during jury selection, there was no way for the plaintiffs counsel to “withdraw or appropriately correct” that allegation within 21 days after service of the defendants’ post-mistrial motion. Thus, section 57.105(1), as conditioned by section 57.105(4), was not applicable to this situation. We cannot rewrite the statute to fit this situation.
 

 Second, even if section 57.105(1) applied, it was impossible for the plaintiff to allege fraud or spoliation in the complaint. The fraud which the plaintiffs counsel was alleging was not a fraud on the plaintiff, but a fraud on the court.
 
 Compare Butler v. Yusem,
 
 44 So.3d 102, 105 (Fla.2010) (third and fourth elements of an action for fraudulent misrepresentation are “an intention that the representation
 
 induce another to act on it”
 
 and “consequent injury by the party
 
 acting in reliance on the representation.”)
 
 (emphasis added in part)
 
 with Pino v. Bank of N.Y. Mellon,
 
 57 So.3d 950, 954 (Fla. 4th DCA 2011) (“A ‘fraud on the court’ occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier [of fact] or unfairly hampering the presentation of the opposing party’s claim or defense.”) (citation omitted). Moreover, an independent cause of action does not exist for first-party spoliation of evidence.
 
 Martino v. Wal-Mart Stores, Inc.,
 
 908 So.2d 342, 347 (Fla.2005).
 

 Third, an award of costs is not allowed under section 57.105.
 
 See Ferdie v. Isaacson,
 
 8 So.3d 1246, 1251 (Fla. 4th DCA 2009) (section 57.105 provides that “the court shall award a reasonable attorney’s
 
 fee
 
 to be paid to the prevailing party,” but makes no mention of costs) (citation omitted).
 

 At oral argument, the defendants contended that even if the trial court was wrong to award attorney’s fees pursuant to section 57.105(1), then the court still was right to award attorney’s fees pursuant to the court’s “inherent authority to impose attorneys’ fees against an attorney for bad faith conduct.”
 
 Moakley,
 
 826 So.2d at 226;
 
 see also Dade Cnty. Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644 (Fla. 1999) (“[I]f a trial court reaches the right result, but for the wrong reasons, it will be
 
 *1146
 
 upheld if there is any basis which would support the judgment in the record.”).
 

 We disagree. We see nothing in the record suggesting that the plaintiffs counsel acted in bad faith. Rather, it appears that the plaintiffs counsel believed— based on the discrepancies in testimony between the gynecologist and the plaintiff, the primary care physician, and the diagnostic center’s records custodian — that there was a sufficient basis to attack the gynecologist’s credibility.
 
 See
 
 § 90.608(5), Fla. Stat. (2008) (“Any party ... may attack the credibility of a witness by ... [pjroof by other witnesses that material facts are not as testified to by the witness being impeached.”). The fact that the trial court rejected the plaintiffs attempt to employ this line of attack does not mean that the plaintiffs counsel acted in bad faith. Thus, the trial court erred by entering the orders granting the defendants’ motions for attorney’s fees and costs to the extent such motions were brought pursuant to section 57.105(1) or
 
 Moakley.
 
 We reverse those orders.
 

 The Second Trial Resulting in Final Judgments for the Defendants
 

 Before the second trial, the gynecologist filed a motion in limine to preclude the plaintiff from referencing the alleged alteration or concealment of records. The gynecologist argued that there was no evidence to support such a theory. The plaintiff opposed the motion based on arguments similar to those which her counsel raised in response to the gynecologist’s motion for attorney’s fees and costs.
 

 The trial court granted the motion in limine. However, during closing argument, the plaintiffs counsel used the fact that the gynecologist did not have the April 11, 2001 mammogram report in his records to argue that the gynecologist altered the other records:
 

 [WJhen we go through the
 
 individual?
 
 charts, we’ll show you what we believe was added after the date to protect [the gynecologist].
 
 But here is [the April 11, 2001 mammogram report].... You can’t fool with a hospital record. It has the dictated date and transcription date. The hospital won’t allow you to put in something different than what is on the transcription date. If you’re going to amend it, they require you to have an amended report.
 

 The only record that [the gynecologist] couldn’t change is [the April 11, 2001 mammogram report]. It’s the only one.
 
 Everything else he could change and he did. Subtly, but he did.
 
 This is the only record that couldn’t be changed,
 

 (emphasis added).
 

 The gynecologist objected and moved for a mistrial. The trial court sustained the objection, reserved ruling on the motion for mistrial, and gave the following curative instruction over the plaintiffs objection:
 

 There has been no evidence adduced at this trial that the records were added to and that shall be stricken and you should rely, again, on your own memory of the testimony and evidence received in this case.
 

 The jury rendered a verdict for the defendants, rendering moot the gynecologist’s motion for mistrial.
 

 The plaintiff argues that the trial court erred by granting the motion in limine and by instructing the jury that there was no evidence that the records were altered. According to the plaintiff, such an instruction “invaded the province of the jury ... [and] essentially told the jury that [the gynecologist’s] account of events was the true one.” We review these arguments for an abuse of discretion.
 
 See Golden Yachts, Inc. v. Hall,
 
 920 So.2d 777, 780 (Fla. 4th DCA 2006) (a trial judge’s ruling
 
 *1147
 
 on a motion in limine will not be disturbed absent an abuse of discretion) (citation omitted);
 
 Frazier v. State,
 
 970 So.2d 929, 930 (Fla. 4th DCA 2008) (“The control of comments during closing argument is within the trial court’s discretion and an appellate court will not interfere unless an abuse of discretion is shown.”) (citation omitted);
 
 Perez v. State,
 
 856 So.2d 1074, 1078 (Fla. 5th DCA 2003) (“A trial court’s decision whether to give a curative instruction or grant a mistrial is subject to an abuse of discretion standard.”) (citation omitted).
 

 We reject the plaintiffs arguments. Reasonable persons could differ as to whether the plaintiff possessed sufficient proof to attack the gynecologist’s credibility based on the discrepancies in testimony between the gynecologist and the other witnesses. Thus, the trial court did not abuse its discretion in granting the motion in limine.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980) (“If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.”). Further, the trial court’s curative instruction was an appropriate response to the plaintiffs violation of the court’s order granting the gynecologist’s motion in limine.
 

 We have considered the other arguments which the plaintiff raises on appeal from the final judgments. We conclude, without further comment, that those arguments lack merit.
 

 Affirmed in part and reversed in part.
 

 [1]
 

 STEVENSON and GROSS, JJ., concur.
 

 . Normally we would not have accepted the plaintiffs appeal from the order granting the defendants' motions for attorney’s fees and costs because the trial court has not ruled upon the recoverable amount of attorney’s fees and costs.
 
 See Winkelman v. Toll,
 
 632 So.2d 130, 131 (Fla. 4th DCA 1994) (”[0]r-ders granting attorney's fees without determining amount are not ripe for appellate review.”). However, we accepted the plaintiff’s appeal from the attorney's fees and costs order because it was intertwined with the arguments which the plaintiff raised in her appeal from the final judgments. Thus, contrary to the normal situation, separating this case into piecemeal appeals would have ”serve[d] to waste court resources and needlessly delay[ed] final judgment.”
 
 Id.