PER CURIAM.
The defendants below, Zaida Lago, Julio Lago, and Juan Carlos Lago, and their counsel, Alberto N. Moris, P.A., (collectively “appellants”) seek review of a final judgment awarding fees and costs against them pursuant to section 57.105(1), Florida Statutes. The final judgment imposed sanctions against appellants for filing a motion for attorney’s fees that the trial court found was not supported by the material facts or the application of then-existing law to those material facts. We reverse the final judgment as to all appellants and remand for further proceedings.
Generally, the standard of review of a trial court’s order awarding section 57.105(1) attorney’s fees is abuse of discretion. Ferere v. Shure, 65 So.3d 1141, 1144 (Fla. 4th DCA 2011). However, to the extent a trial court’s order on fees is based on an issue of law, this court applies de novo review. Id.
Here, appellee’s first motion for section 57.105sanctions alleged that the Lagos’s fee motion was frivolous because there was no contractual or statutory basis for the Lagos to recover an award of attorney’s fees. Appellee’s second motion for section 57.105sanctions included the same arguments as the first motion, but also raised the additional argument that under Stockman v. Downs, 573 So.2d 835 (Fla.1991), the Lagos had waived any right to recover attorney’s fees by failing to request attorney’s fees in a pleading.
The trial court entered an order granting appellee’s second motion for section 57.105 sanctions and imposing sanctions against appellants. However, because appellee’s second motion for section 57.105sanctions did not comply with the twenty-one-day “safe harbor” provision of section 57.105(4), the trial court erred in granting that motion. We must therefore reverse. See § 57.105(4), Fla. Stat. (2012) (“A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately correct *75 ed.”); Burgos v. Burgos, 948 So.2d 918, 919 (Fla. 4th DCA 2007) (a party’s failure to comply with the requirements of the 21-day “safe harbor” provision of section 57.105(4) requires reversal of an order granting a motion for sanctions under section 57.105).
We hold that if a party files a subsequent or amended motion for sanctions under section 57.105 and raises an argument that was not raised in the original motion for section 57.105 sanctions, the subsequent motion must independently comply with the twenty-one-day “safe harbor” provision of section 57.105(4). To hold otherwise would allow a party to raise a new ground for sanctions in a subsequent motion under section 57.105 without giving the other side the opportunity to withdraw the offending claim or defense within twenty-one days after receiving notice of the new ground for sanctions.
 Nonetheless, on remand, the trial court may consider appellee’s first motion for section 57.105 sanctions.[1] That motion did comply with section 57.105(4)’s safe harbor provision, but the trial court never ruled on it. The trial court may consider only the grounds alleged in appellee’s first motion for section 57.105 sanctions. Furthermore, if the trial court concludes that an award of fees under section 57.105 is an appropriate sanction, “it should recite in its order the facts upon which it bases that conclusion. Regions Bank v. Gad, 102 So.3d 666, 667 (Fla. 1st DCA 2012).
For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

Reversed and Remanded.

TAYLOR, LEVINE and FORST, JJ., concur.

. We conclude that the Lagos were ' the losing party” on their fee motion, regardless of the fact that the trial court did not enter an order explicitly denying the motion. The Lagos voluntarily withdrew their fee motion at a hearing on appellee's request for section 57.105 sanctions. A withdrawal of a motion for attorney’s fees is tantamount to a voluntary dismissal of the claim. Rehman v. ECC Int'l Corp., 698 So.2d 921, 923 (Fla. 5th DCA 1997). Moreover, a party's voluntary dismissal of a claim after the expiration of the 21-day safe harbor period may subject the party to sanctions under section 57.105(1) if the requirements of that statute are otherwise satisfied. Cf. Pino v. Bank of New York, 121 So.3d 23, 2013 WL 452109 (Fla. Feb. 7, 2013) ("If the plaintiff does not file a notice of voluntary dismissal or withdraw the offending pleading within twenty-one days of a defendant's request for sanctions under section 57.105, the defendant may file the sanctions motion with the trial court, whereupon the trial court will have continuing jurisdiction to resolve the pending motion and to award attorney's fees under that provision if appropriate, regardless of the plaintiff's subsequent dismissal.”).