# Third District Court of Appeal

## State of Florida

Opinion filed April 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2953
Lower Tribunal No. 99-3722
_____

## Public Health Trust of Miami-Dade County, et al.,
Appellants,

vs.

## Janneral Denson and Jordan Taylor,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Abigail Price-Williams, Miami-Dade County Attorney, and James J. Allen and Eric A. Rodriguez, Assistant County Attorneys, for appellants.

Heyer & Associates, P.A., and Barbara A. Heyer (Fort Lauderdale), for appellees.

Before EMAS, FERNANDEZ and SCALES, JJ.

FERNANDEZ, J.

Public Health Trust of Miami-Dade County ("Trust") and Dr. John Bennett appeal the trial court's order granting attorney's fees to appellees, Janneral Denson

and Jordan Taylor ("Denson"). We affirm the trial court's imposition of sanctions due to the misconduct of a witness, but reverse the award to the extent that it does not bear direct relation to the misconduct.

Denson filed the underlying medical malpractice action against the Trust and Dr. Bennett in February 1999. The case proceeded to trial in November 2012 but resulted in a mistrial due to Dr. Bennett's misconduct with a trial witness. The misconduct involved a case-related conversation with a witness outside of the courtroom when jurors were a short distance away. Another conversation occurred between Dr. Bennett, defense counsel, and the same witness in a restroom where a juror overheard the conversation.

Denson moved for sanctions seeking $49,000 in attorney's fees that represented the time spent in preparation for trial from October 12, 2012 through November 29, 2012. The trial court denied the motion without prejudice.

The second trial commenced in June 2013. It resulted in a mistrial due to a shortage of potential jurors. The third trial commenced in June 2014 after which the court directed verdicts in favor of the defendants. The jury returned a verdict in Denson's favor on the medical malpractice action. Denson renewed her motion for sanctions seeking $238,202 in fees for: (1) time spent prior to the first trial for prosecuting the matter from November 1999 through May 2012, (2) time spent in preparation for and during the first trial, (3) time spent in preparation for and

2

during the second trial, and (4) time spent in preparation for and during the third trial.

The trial court awarded Denson fees in the amount of $208,702. The court found that Denson was not entitled to recover fees incurred for the second trial, but she was entitled to recover the remainder of fees. The court also found that Dr. Bennett engaged in a pattern of behavior that reflected a total disregard for and disrespect to the court; and that such misconduct, as well as the court's findings, were detailed in the record of previous hearings and trial proceedings.

We review a trial court's order imposing attorney's fees as sanctions under an abuse of discretion standard. Bitterman v. Bitterman, 714 So. 2d 356 (Fla. 1998); Ferere v. Shure, 65 So. 3d 1141 (Fla. 4th DCA 2011). The order imposing an award of fees as sanctions is reviewed de novo to the extent that it is based on the court's interpretation of the law. Ferere, 65 So. 3d at 1141.

The trial court properly imposed sanctions for Dr. Bennett's misconduct. The trial court has the inherent power to sanction conduct separate from any statute or rule that provides for fees, and a court may invoke this power even where the conduct could also be sanctioned under a statute or rule. See Chambers v. Nasco, Inc., 501 U.S. 32 (1991); Bitterman v. Bitterman, 714 So. 2d 356, 365 (Fla. 1998)(holding that in the absence of statutory or contractual authority, a court could award attorney's fees under the "inequitable conduct doctrine.").

3

Dr. Bennett's misconduct was willful, deliberate, and intentional and constituted a violation of the trial court's instruction not to discuss trial matters with any witness or party. Dr. Bennett admitted that the inappropriate conversation took place, and he acknowledged the trial court's previous instruction not to discuss the case with any witnesses or parties. The trial court therefore did not abuse its discretion in its award of attorney's fees in Denson's favor.

The trial court, however, abused its discretion when it awarded attorney's fees beyond that necessary to compensate the plaintiff for its preparation for and conduct of the first trial. An attorney's fee award must directly relate to the attorney's fees and costs that the opposing party incurred as a result of the specific bad faith conduct. See Moakley v. Smallwood, 826 So. 2d 221, 224 (Fla. 2002). The time spent in preparation for and conduct of the second and third trials did not directly relate to Dr. Bennett's misconduct.

We therefore affirm in part and reverse in part the attorney's fee award, and remand the cause for entry of an award consistent with this opinion such that only the time spent in preparation for and conduct of the first trial is properly compensated.

Affirmed in part, reversed in part.

4