DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLAUTIDE JEAN-PIERRE, JAMES JEAN-PIERRE,** and **REYNOLD JEAN-PIERRE,**
Appellants,

v.

**MADELINE GLABERMAN,**
Appellee.

No. 4D15-2582

[May 25, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 12-021433 11.

James Jean-Francois of James Jean-Francois, P.A., Hollywood, for appellants.

No brief filed for appellee.

PER CURIAM.

The homeowners appeal three trial court orders (1) entering a final judgment of foreclosure in favor of appellee, (2) entering a writ of bodily attachment against the homeowners, and (3) granting the appellee's motion for attorney's fees pursuant to section 57.105. We affirm the first two orders without discussion, and reverse the third order because the trial court failed to make written findings regarding the reasons for granting the motion.

The underlying dispute in this case involved a mortgage foreclosure. During the pendency of the case, the appellee filed a motion for attorney's fees, pursuant to section 57.105, Florida Statutes (2015), which was granted by the trial court, holding the homeowners and their legal counsel "jointly and severally liable for sanctions in the form of attorney's fees."

"Generally, the standard of review of a trial court's order awarding section 57.105(1) attorney's fees is abuse of discretion. However, to the extent a trial court's order on fees is based on an issue of law, this court

applies de novo review."  *Lago v. Kame By Design, LLC,* 120 So. 3d 73, 74 (Fla. 4th DCA 2013) (citations omitted).

We agree with the homeowners that the trial court erred when it failed to make detailed findings in its order regarding the basis for the fees sanction.  In *Blue Infiniti, LLC v. Wilson,* 170 So. 3d 136 (Fla. 4th DCA 2015), we explained:

> Additionally, the only finding that the trial court made in its order was its "finding the Civil RICO claim was frivolous."  This falls short of the requirement that the trial court make *detailed* and *specific* findings of bad faith.  "[I]f the trial court concludes that an award of fees under section 57.105 is an appropriate sanction, 'it should recite in its order the facts upon which it bases that conclusion.'"  *Lago,* 120 So. 3d at 75 (quoting *Regions Bank v. Gad,* 102 So. 3d 666, 667 (Fla. 1st DCA 2012)); *see also Avis Rent A Car Sys., Inc. v. Newman,* 641 So. 2d 915 (Fla. 3d DCA 1994).  It was therefore error for the trial court to impose sanctions upon Blue Infiniti and its attorney prior to affording a full opportunity to be heard and without making detailed findings in its order.

*Id.* at 140-41.  Since there are no findings of fact in the order on the motion for sanctions in this case, the order does not fully comply with the requirements of the law.  Therefore, we remand the case for the trial court to make the appropriate findings.  *See id.* (reversing and remanding for the trial court to allow for a full hearing); *cf. Bank of New York Mellon v. Kossis,* 165 So. 3d 793, 796 (Fla. 4th DCA 2015) (remanding, in a case that required written findings of fact, for the trial court to make such findings).

*Affirmed in part, reversed in part, and remanded.*

WARNER, MAY and CONNER, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**