IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AUSTIN & LAURATO, P.A.,

      Appellant,

v.

STATE FARM FLORIDA
INSURANCE COMPANY,

      Appellee.

_____/

Case No. 5D15-3616

Opinion filed November 17, 2017

Appeal from the Circuit Court
for Marion County,
Lisa D. Herndon, Judge.

Michael V. Laurato, Kimberly Hendee and
Hannah E. Austin, of Austin & Laurato, PA,
Tampa, for Appellant.

Scot E. Samis, of Traub Lieberman Straus
& Shrewsberry LLP, St. Petersburg, for
Appellee.

PER CURIAM.

In this sinkhole case, Austin & Laurato, P.A. ("Law Firm") appeals the final

judgment on entitlement to attorney's fees that the trial court entered in favor of State

Farm Florida Insurance Company ("State Farm") as a sanction for filing a frivolous

complaint under section 57.105(1), Florida Statutes (2012). The final judgment imposed

attorney's fees jointly and severally against Law Firm and its client, Armelle Cleophat.[1] We reverse.

Orders awarding attorney's fees as a sanction under section 57.105(1) for raising frivolous claims or defenses are reviewed for an abuse of discretion. Jean-Pierre v. Glaberman, 192 So. 3d 613, 613 (Fla. 4th DCA 2016) (quoting Lago v. Kame By Design, LLC, 120 So. 3d 73, 74 (Fla. 4th DCA 2013)). Under this standard, "[i]f reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion." Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980).

Section 57.105(1) permits a prevailing party to seek an award of attorney's fees, including prejudgment interest, against the losing party and the losing party's attorney in equal amounts if the court finds that the losing party and its attorney knew or should have known that the claim or defense "[w]as not supported by the material facts necessary to establish the claim or defense" or "[w]ould not be supported by the application of then-existing law to those material facts." However, monetary sanctions may not be awarded "if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success." § 57.105(3)(a), Fla. Stat. (2012). A trial court's findings on imposing attorney's fees as a sanction under section 57.105(1) must "be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise

---

[1] State Farm eventually reached a settlement with Cleophat, and the appeal as to her was voluntarily dismissed.

before the court and in the trial record." Blue Infiniti, LLC v. Wilson, 170 So. 3d 136, 140 (Fla. 4th DCA 2015) (quoting Montgomery v. Larmoyeux, 14 So. 3d 1067, 1073 (Fla. 4th DCA 2009)).

An order awarding attorney's fees as a sanction under section 57.105(1) "must include findings by the trial court to support the award." Goldberg v. Watts, 864 So. 2d 59, 60 (Fla. 2d DCA 2003) (citing Mason v. Highlands Cty. Bd., 817 So. 2d 922, 923 (Fla. 2d DCA 2002)). "[T]he trial court must find that there were no justiciable issues of law or fact and that the losing party's attorney did not act in good faith based on the representations of his or her client." Siegel v. Rowe, 71 So. 3d 205, 211 (Fla. 2d DCA 2011) (quoting Weatherby Assocs., Inc. v. Ballack, 783 So. 2d 1138, 1143 (Fla. 4th DCA 2001)). Findings are also required to justify the amount of attorney's fees awarded in the case. Jackson v. Jackson, 177 So. 3d 639, 641 (Fla. 2d DCA 2015) (citing Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012)). These findings cannot be made by the appellate court, and, in their absence, the case must be remanded to the trial court for it to make the findings. Boca Burger, Inc. v. Forum, 912 So. 2d 561, 569 (Fla. 2005) (quoting Kurzweil v. Larkin Hosp. Operating Co., 684 So. 2d 901, 903 (Fla. 3d DCA 1996)).

Here, the order on entitlement to attorney's fees contains a recitation of the facts of the case, but only two findings related to sanctions. The first, in paragraph 14, was that after the motion for sanctions was served on them, Cleophat and Law Firm "refused to take corrective action and pursued the lawsuit without pause." The second, found in paragraph 18, was that "the [p]laintiff and her attorneys failed to show any good faith basis for the action." Standing alone, such findings are insufficient to assess attorney's fees

3

against an attorney for the losing party as there must also be a finding that counsel knew or should have known at the time the complaint was filed that the claims against State Farm were not supported by material facts necessary to establish the claims or were not supported by the application of then-existing law to the material facts.[2] See Ballack, 783 So. 2d at 1143. The trial court must also consider whether the claim was "initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law" because such a finding would preclude sanctions under section 57.105. See § 57.105(3)(a), Fla. Stat.

Although we are unwilling to conclude that the trial court abused its discretion in awarding attorney's fees to State Farm as a sanction, see Canakaris, 382 So. 2d at 1203 ("In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the 'reasonableness' test to determine whether the trial judge abused his discretion."), we are compelled to reverse because the trial court failed to make the requisite factual findings in its order. The trial court also erred in imposing joint and several liability[3] on Law Firm and Cleophat as, under these circumstances, each could only be responsible for fifty percent of the attorney's fees sanction. See § 57.105(1), Fla. Stat.

---

[2] Here, although the complaint was not supported by then-existing law in this district, see Starling v. Allstate Floridian Ins. Co., 956 So. 2d 511 (Fla. 5th DCA 2007), the law was shifting on the issue of prejudice. See State Farm Auto. Ins. Co. v. Curran, 83 So. 3d 793 (Fla. 5th DCA 2011); Whistler's Park, Inc. v. Fla. Ins. Guar. Ass'n, 90 So. 3d 841 (Fla. 5th DCA 2012).

[3] Notably, joint and several liability would impose the entire amount of the judgment on both Law Firm and Cleophat. There is no authorization in section 57.105 for that outcome. While section 57.105 contemplates situations where either the client or the attorney may be liable for one hundred percent of the fee award, it does not permit both to be held liable for the entire award.

4

Accordingly, we reverse the order on entitlement to attorney's fees and the final judgment entering attorney's fees jointly and severally against Law Firm and Cleophat, and remand for further consideration.[4]

REVERSED and REMANDED.

BERGER, J., and PAULK, G.T., Associate Judge, concur.
EVANDER, J., concurs in part, dissents in part, with opinion.

---

[4] In the event the trial court concludes sanctions are appropriate on remand, State Farm is not entitled to recover attorney's fees incurred litigating the amount of attorney's fees, see Wood v. Haack, 54 So. 3d 1082, 1084 (Fla. 4th DCA 2011), and is not entitled to appellate attorney's fees incurred in the first appeal. See Santiago v. Sunset Cove Invs., Inc., 198 So. 3d 658, 659 (Fla. 2d DCA 2001).

EVANDER, J., concurring in part, dissenting in part.

I agree that the trial court's order must be reversed. However, I believe that it was an abuse of discretion to grant section 57.105 sanctions in the instant case.

Cleophat filed a breach of contract action against State Farm, alleging that State Farm had failed to pay for sinkhole damages covered under the homeowners insurance policy issued by State Farm to Cleophat. State Farm never filed an answer to the complaint, but did file a motion for summary judgment. In its motion, State Farm alleged that Cleophat did not comply with certain policy provisions in that she did not immediately notify State Farm of the loss, did not timely file a sworn proof of loss, and did not appear for a scheduled examination under oath.

The summary judgment evidence supported State Farm's contention that Cleophat had failed to comply with post-loss provisions set forth in the insurance policy. However, the summary judgment evidence was woefully lacking (from both parties) as to whether State Farm had been prejudiced by Cleophat's lack of compliance. The record suggests that the trial court gave little, if any, consideration to the prejudice issue. Our court per curiam affirmed the final summary judgment entered in favor of State Farm. *Cleophat v. State Farm Fla. Ins. Co.*, 166 So. 3d 803 (Fla. 5th DCA 2015).

Where an insured has failed to comply with a condition subsequent (such as failing to appear for a scheduled examination under oath), the general rule is that the insurer has the burden to establish that it was prejudiced by the insured's noncompliance. *See State Farm Mut. Auto. Ins. Co. v. Curran*, 83 So. 3d 793, 802-06 (Fla. 5th DCA 2011), *approved*, 135 So. 3d 1071, 1078-79 (Fla. 2014); *see also Bankers Ins. Co. v. Macias*,

6

475 So. 2d 1216, 1218 (Fla. 1985) (citing *Nat'l Gypsum Co. v. Travelers Indem. Co.*, 417 So. 2d 254 (Fla. 1982)). Where the insured has failed to comply with a notice of loss provision, there is a rebuttable presumption of prejudice. *Macias*, 475 So. 2d at 1218. Given the scarcity of the summary judgment evidence addressing the issue of prejudice, I would suggest that the final summary judgment entered in favor of State Farm was affirmed only because, with regard to the noncompliance with notice of loss provisions, Cleophat failed to overcome the presumption of prejudice. *See id.* Cleophat's failure to overcome the rebuttable presumption of prejudice in this case does not support a finding that she or her attorneys knew or should have known that her claim "[w]as not supported by material facts necessary to establish [her] claim." § 57.105(1), Fla. Stat. (2012). Thus, it was error to impose section 57.105 sanctions.[5]

---

[5] I would also suggest that Cleophat could have made a good faith argument that the law should be modified to require insurers to establish prejudice for breach of notice of loss provisions as well as breach of cooperation clauses. *See* § 57.105(3)(a), Fla. Stat. (2012).