DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAW OFFICES OF JENNIFER S. CARROLL, P.A.,**
Appellant,

v.

**MARIANNE K. BRENNAN,** Former Wife, and
**DANIEL J. BRENNAN,** Former Husband,
Appellees.

No. 4D18-266

[January 8, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen J. Kroll, Judge; L.T. Case No. 50-2010-DR-000678-XXXX-NB.

Jennifer S. Carroll of the Law Offices of Jennifer S. Carroll, P.A., Jupiter, for appellant.

Troy William Klein of the Law Office of Troy W. Klein, P.A., West Palm Beach, for appellee Daniel J. Brennan.

Marianne K. Brennan, Jupiter, pro se.

CONNER, J.

The appellant, the Law Offices of Jennifer S. Carroll, P.A., filed an amended notice of appeal, appealing an order denying its asserted charging lien and an order denying its motion for rehearing. The appellant represented appellee Marianne K. Brennan in her dissolution of marriage proceeding. The order denying the charging lien additionally found that the appellees were entitled to an award of attorneys' fees based on the appellant's filing a motion to enforce a charging lien when it knew or should have known that it was not entitled to such relief.

The appellees filed a motion to dismiss the appeal, contending the order imposing attorneys' fees as a sanction was a nonfinal, nonappealable order because it merely determined entitlement to attorney's fees and not the amount of fees awarded. The appellant responded that the major issue on appeal is whether the trial court had jurisdiction to entertain the

appellant's motion to enforce a charging lien. In opposing the motion to dismiss, the appellant cited *Ferere v. Shure*, 65 So. 3d 1141 (Fla. 4th DCA 2011), as support. In *Ferere*, we permitted an appeal to proceed where the trial court determined entitlement, but not the amount of fees, because the entitlement issue was intertwined with the arguments raised as to the appeal of other final orders. *Id.* at 1147 n.1. We accepted the appellant's arguments and denied the motion to dismiss this appeal.

After reviewing all the briefs in this appeal, we note that the appellant did not raise any significant arguments demonstrating that the trial court erred in denying the imposition of a charging lien. Although the trial court apparently denied the appellant's charging lien in part on the determination that it lost jurisdiction to impose a charging lien due to successful appeals of final judgments dissolving the marriage and amendments to the final judgment, the record on appeal reveals that in addition to that ground, the trial court denied the charging lien on at least four other grounds, after making factual determinations. Significantly, the appellant's initial brief does not address the other grounds for the trial court's denial of a charging lien, and instead, most of the initial brief argues due process violations as grounds for reversing the imposition of fees as a sanction. Out of twelve total pages of argument in the initial brief, only three pages discuss the issue of the trial court's jurisdiction to impose a charging lien. None of the seven pages of argument in the reply brief address the trial court's jurisdiction to impose a charging lien. To the extent we denied the appellee's motion to dismiss because the issues in the case were intertwined, we determine, after a review of all the briefs, that such is not the case. Thus, we conclude we are without jurisdiction to address the issue of attorney's fees imposed as a sanction. *Alexopoulos v. Gordon Hargrove & James, P.A.*, 109 So. 3d 248, 250 (Fla. 4th DCA 2013). ("An order merely finding *entitlement* to attorneys' fees is a non-final, non-appealable order.") Because the bulk of this appeal seeks to reverse the imposition of attorneys' fees as a sanction, rather than the denial of a charging lien, and the order on appeal is a nonfinal, nonappealable order, we dismiss the appeal as to the attorney's fee issue, without prejudice for review after a final order on fees is entered. We affirm the trial court's denial of the charging lien without further discussion.

*Affirmed in part and dismissed in part.*

KLINGENSMITH and KUNTZ, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2