# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4209
Lower Tribunal No. 21-DR-001510

_____

TIMOTHY ROSE,

Appellant,

v.

BETHANY ROSE,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
John S. Carlin, Judge.

March 27, 2026

BROWNLEE, J.

Appellant challenges the trial court's order imposing sanctions against him, in the form of attorney's fees and costs, pursuant to section 57.105(1), Florida Statutes (2023). We affirm the trial court's award of attorney's fees without discussion. We reverse its award of $75 in costs, however, because section 57.105(1) does not authorize such an award.

Our review of the cost award in this case is de novo. *See Jean-Pierre v. Glaberman*, 192 So. 3d 613, 613 (Fla. 4th DCA 2016) ("Generally, the standard of

review of a trial court's order awarding section 57.105(1) attorney's fees is abuse of discretion. However, to the extent a trial court's order on fees is based on an issue of law, this court applies de novo review." (citation omitted)).

In considering whether section 57.105(1) authorizes an award of costs, we employ the "supremacy-of-text" principle and begin with the plain language of the statute. *See Ham v. Portfolio Recovery Assocs.*, *LLC*, 308 So. 3d 942, 946 (Fla. 2020) ("In interpreting the statute, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012))). Section 57.105(1) provides:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial: (a) Was not supported by the material facts necessary to establish the claim or defense; or (b) Would not be supported by the application of then-existing law to those material facts.

While that language plainly authorizes an award of reasonable attorney's fees, it mentions nothing of costs. *See Tribble v. L.O. – B.*, 315 So. 3d 1239, 1240 (Fla. 2d DCA 2021) ("The plain language of section 57.105(1) dictates that the sanction permitted does not include costs but rather is an award of attorney fees only.");

2

*Ferdie v. Isaacson*, 8 So. 3d 1246, 1251 (Fla. 4th DCA 2009) (explaining that section 57.105 allows for an award of reasonable attorney's fees to the prevailing party but makes no mention of costs). And we are not at liberty to inject the term "costs" into the statute and authorize the award, when the legislature itself declined to do so. *See Steak N Shake, Inc. v. Ramos*, 415 So. 3d 107, 112 (Fla. 2025) ("[W]hile we are careful to give full effect to all statutory provisions, we cannot go beyond the plain meaning and inject extra statutory requirements that the legislature did not enact.").

Because the trial court here awarded costs pursuant to section 57.105(1), and that section does not contemplate such an award, we reverse that portion of the trial court's order awarding $75 in costs. As to all other issues, we affirm.

AFFIRMED in part; REVERSED in part.

WOZNIAK and WHITE, JJ., concur.

Chris Santospirito and Taylor Curley, of Rubinstein & Holz, Fort Myers, for Appellant.

No Appearance for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED