858 So.2d 1232 (2003)
AIRTRAN AIRWAYS, INC., Appellant,
v.
AVAERO NOISE REDUCTION JOINT VENTURE, Appellee.
No. 5D02-3773.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
*1233 Seann M. Frazier and R. Paul Roecker of Greenberg Traurig, P.A., Tallahassee, for Appellant.
Patrick C. Howell and Harry W. Carls of Taylor and Carls, P.A., Maitland, for Appellee.
MONACO, J.
Airtran Airways, Inc., appeals the final judgment for money damages rendered by the trial court against it and in favor of AvAero Noise Reduction Joint Venture. The trial court found that Airtran breached a contract with AvAero for the purchase and sale of certain aircraft noise abatement devices, and awarded AvAero attorneys' fees apparently pursuant to section 57.105 (1998). We affirm the judgment in all respects except in connection with the award of attorneys' fees. Because the trial court applied the wrong version of section 57.105, we conclude that a reconsideration of the attorneys' fees issue by the trial court is required.
The contract at the heart of this suit was entered into by the parties in 1995. The complaint seeking damages, however, was not filed until May 2, 2000. In the final judgment the trial court awarded fees to Avaero after finding "no justiciable issue, either in fact or law." Unfortunately, this indicates that the trial judge was applying a version of section 57.105 that was outdated.
Section 57.105 was amended by the Legislature effective October 1, 1999. Ch. 99-225, § 4, at 1406, Laws of Fla. The earlier iteration of the statute limited fee awards to cases where, as the trial judge found here, there was a complete absence of a justiciable issue of fact or law. See Forum v. Boca Burger, Inc., 788 So.2d 1055, 1060 (Fla. 4th DCA 2001), review granted, 817 So.2d 844 (Fla.2002). The current version, however, now authorizes an award of fees if a party or its counsel knew or should have known that any claim or defense asserted "was not supported by material facts," or "would not be supported by the application of then existing law to those material facts." We have held recently that the 1999 version of section 57.105 applies to actions taken, positions maintained or papers filed subsequent to October 1, 1999. See Mullins v. Kennelly, 847 So.2d 1151 (Fla. 5th DCA 2003); see also Jackson v. York Hannover Nursing Ctrs., Inc., 853 So.2d 598 (Fla. 5th DCA 2003). Since this suit was brought and all matters pertaining to the maintenance and defense of the suit occurred after that key day, it appears that the trial judge applied the wrong standard in his determination that fees should be awarded to AvAero.
More importantly, subsection (1) of the post-1999 statute authorizes an award of fees "at any time during a civil proceeding or action" that the court finds that the losing party was raising an unsupported claim or defense. In the present case Airtran successfully withstood a motion for summary judgment brought by AvAero early in the action. As the trial court made no finding regarding when Airtran's defense activities became unsupported, we are unable to tell from what period or for what actions the fees were awardable.
Accordingly, we affirm all aspects of this case other than the award of attorneys' fees. We remand for reconsideration of the issue of attorneys' fees in light of the post-1999 version of section 57.105. In addition, we find that AirTran's position with respect to the meaning and enforceability of its contract with AvAero is not supported by the application of the law to the material facts, and that AirTran knew or should have known this at the time that it filed this appeal. We accordingly grant AvAero's motion for appellate *1234 attorneys' fees in that regard, and remand to the trial court for assessment of the amount of those fees. We deny AvAero's motion for appellate fees as it pertains to the issue of whether fees were assessed below using the proper standard.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
SAWAYA, C.J., and ORFINGER, J., concur.