868 So.2d 617 (2004)
Friedrich WAGNER, Appellant,
v.
Detlef UTHOFF, M.D., Appellee.
No. 2D03-626.
District Court of Appeal of Florida, Second District.
March 12, 2004.
*618 Thomas C. Saunders of Thomas C. Saunders, P.A., Lakeland, for Appellant.
Stephen R. Senn and Andrea Teves Smith of Peterson & Myers, P.A., Lakeland, for Appellee.
SALCINES, Judge.
Friedrich Wagner appeals the final money judgment for attorneys' fees and costs awarded to Detlef Uthoff, M.D., pursuant to an offer of judgment and pursuant to section 57.105, Florida Statutes (1995 and 2000). We affirm in part and reverse in part.
In 1997, Mr. Wagner brought an action against Dr. Uthoff for damages resulting from an alleged breach of an oral agreement and fraud in the inducement of an oral agreement. The trial court dismissed the action with prejudice on April 25, 2002, based upon the determination that Mr. Wagner was a resident of Germany who had never posted a nonresident cost bond pursuant to section 57.011, Florida Statutes (1997). Mr. Wagner appealed the dismissal. On May 14, 2003, this court reversed the order which dismissed Mr. Wagner's complaint because the cash bond required by section 57.011 had, in fact, been timely filed. Wagner v. Uthoff, 846 So.2d 1177, 1179 (Fla. 2d DCA 2003).
On July 17, 2002, while the appeal was pending, Dr. Uthoff was granted attorneys' fees by the trial court based upon an offer of judgment and section 57.105. This second order is the subject of the present appeal. Mr. Wagner requests that this court reverse the final judgment for attorneys' fees and costs.
Dr. Uthoff has properly conceded, on appeal, that the portion of the judgment awarding attorneys' fees pursuant to the offer of judgment must be reversed because the underlying judgment has been reversed. See Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999); see also Fraser-Watson v. Maxim Healthcare Servs., 849 So.2d 1201 (Fla. 4th DCA 2003); Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc., 779 So.2d 558, 559 (Fla. 5th DCA 2001).
Dr. Uthoff's motion filed pursuant to section 57.105 requested fees and costs based upon the allegation that there was a complete absence of any justiciable issue of fact in the complaint. He further sought those fees and costs incurred in litigating the issue of Mr. Wagner's foreign residency.
There has been no ruling on the merits of the complaint. Dr. Uthoff did not file a motion for summary judgment or other motion which would have allowed the trial court to rule on the merits of Mr. Wagner's case. The trial court dismissed the complaint on the basis of a technical failure to file a bond. The trial court made certain findings in the order granting attorneys' fees and costs concerning the validity of the complaint; however, these findings relate to the issue of attorneys' fees pursuant to section 57.105, and they do not constitute a ruling on the merits of the case. Therefore, because the dismissal of the complaint has been reversed, the attorneys' fees which were awarded based *619 upon the invalidity of the complaint must be reversed.
The same is not true for the claim for attorneys' fees relating to the issue of Mr. Wagner's residency. Dr. Uthoff filed the motion to dismiss for failure to post the bond on December 10, 1999. In an affidavit dated January 4, 2000, Mr. Wagner stated that his formal residence had been in Polk County since 1992, although he had lived in Germany at times. Dr. Uthoff conducted discovery and obtained Mr. Wagner's 1997 tax return which indicated that during that year he had been a resident of Germany.
In January 2000, at the time Mr. Wagner filed the affidavit relating to his residency, section 57.105 stated:
Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
See generally Gary S. Gaffney and Scott A. Mager, Section 57.105's New Look: The Florida Legislature Encourages Courts to Sanction Unsupported Claims and Dilatory Actions, 76 Fla. B.J. 8 (Apr.2002).
In the order granting Dr. Uthoff's motion for attorneys' fees and costs, it was noted that Mr. Wagner's allegation concerning residency in his 2002 affidavit had been contradicted by Mr. Wagner's sworn tax returns. The trial court made a specific finding of fact that Mr. Wagner's "affirmative and continued reliance upon the January 4, 2002 affidavit is unsupported as defined in § 57.105(1)(a)." The trial court properly awarded Dr. Uthoff the attorneys' fees incurred in litigating the residency claim because Mr. Wagner knew or should have known the 2002 affidavit was false. See Airtran Airways, Inc. v. Avaero Noise Reduction Joint Venture, 858 So.2d 1232, 1233 (Fla. 5th DCA 2003).
Accordingly, we affirm that portion of the trial court's order awarding Dr. Uthoff attorneys' fees pursuant to section 57.105, but only as to those fees relating to the issue of Mr. Wagner's residency. On remand the trial court shall determine the amount of fees and costs which were incurred for litigating this issue alone. In all other respects the award of attorneys' fees is reversed.[1]
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and SILBERMAN, JJ., concur.
NOTES
[1] Our reversal shall not be construed in any manner upon remand as a comment on the merits of the case.