KLEIN, J.
This is an appeal from an order, awarding attorney’s fees under section 57.105, Florida Statutes. We conclude that the trial court did not abuse its discretion in awarding fees, and hold .that a 2002 amendment to section 57.105, which requires twenty-one days’ notice to the non-moving party to withdraw a challenged claim or defense, is not retroactive.
Plaintiff Hampton d/b/a Bob’s Auto Parts (Hampton), filed this lawsuit alleging a conspiracy in restraint of trade in violation of antitrust laws. Hampton was operating a retail auto parts business, and the essence of his claim was that the wholesaler supplying him with his inventory was improperly coerced by two of Hampton’s competitors to stop doing business with Hampton, which drove Hampton out of business. Hampton claimed he was selling the retail merchandise for less than the other two retailers, and alleged that the retailers and the wholesaler entered into a common scheme which violated the antitrust laws.
Hampton’s claims were ultimately resolved in favor of all of the defendants by a summary judgment which was affirmed without opinion by this court. Hampton v. Cale of Ft. Myers, Inc., 903 So.2d 945 (Fla. 4th DCA 2005). Following that appeal the trial court awarded attorney’s fees under section 57.105 to Congress Auto Parts and its president Espinosa (hereafter Congress): The claim for fees had been pending in the trial court before the summary judgment, but was held in abeyance during the appeal.
We first address whether the court abused its discretion in awarding fees under section 57.105, which provides:
(1) Upon the court’s initiative or motion ' of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party’s attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
Plaintiff characterizes his claim as an antitrust conspiracy under federal and state law. In Parts Depot Co. v. Florida Auto Supply, Inc., 669 So.2d 321 (Fla. 4th DCA 1996), we found evidence of such a conspiracy insufficient, because it was merely to the effect that retailers had com *824 plained to the wholesaler about the price cutter. Citing Monsanto Co. v. Spray-Rite Serv. Corp., 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984), we explained that an unlawful agreement cannot be inferred solely from the existence of complaints or even from a termination of a jobber in response to those complaints. It is common for jobbers to complain about price-cutters.
“There must be evidence that tends to exclude the possibility that the manufacturer and nonterminated distributors were acting independently ... the antitrust plaintiff should present direct or circumstantial evidence that reasonably tends to prove that the manufacturer and others had a conscious commitment to a common scheme designed to achieve an unlawful objective.”
Monsanto, 465 U.S. at 764, 104 S.Ct. 1464.
This lawsuit was filed in May of 2000, and after some discovery was taken, Congress sent plaintiff a letter on August 7, 2001, threatening to seek section 57.105 attorney’s fees if the case against Congress were not dismissed. Additional discovery depositions were not taken after that letter until March, 2003, and the trial court granted defendant’s motion for summary judgment in April, 2004.
Considering that our standard of review is abuse of discretion, Yakavonis v. Dolphin Petroleum, Inc., 934 So.2d 615 (Fla. 4th DCA 2006), and the high level of proof required to establish this type of claim, we cannot find that the trial court abused its discretion in awarding attorney’s fees from the date of defense counsel’s letter in August, 2001. At that point the evidence of any conspiracy was speculative as to all defendants and particularly lacking as to Congress.
We next address plaintiffs’ argument that an amendment to section 57.105, which became effective July 1, 2002, is applicable. That amendment, section 57.105(4), provides:
A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
Plaintiffs argue that this amendment is procedural and therefore retroactive, citing our decision in Maxwell Building Corp. v. Euro Concepts, LLC, 874 So.2d 709 (Fla. 4th DCA 2004). In Maxwell, as plaintiffs recognize in their brief, this court did not have to decide whether the twenty-one day safe harbor amendment was retroactive, because the motion for section 57.105 fees had been filed in October, 2002, after the effective date of the statute. We concluded in Maxwell that the primary purpose of the safe harbor provision had been served, in that the plaintiffs had well more than twenty-one days to withdraw their claims.
After our decision in Maxwell, the first district decided the retroactivity of the safe harbor amendment in Walker v. Cash Register Auto Insurance of Leon County, Inc., 946 So.2d 66 (Fla. 1st DCA 2006). In explaining why the safe harbor amendment was substantive, the first district explained:
As a general rule, procedural changes in the law are applied retroactively, while substantive changes are applied prospectively only. See Environmental Confederation of Southwest Florida, Inc. v. State, 886 So.2d 1013, 1017 (Fla. 1st DCA 2004) (explaining that in the absence of clear legislative intent otherwise, the general rule is that procedural statutes apply retroactively while substantive statutes apply prospectively). *825 The supreme court has held that “rights to attorney’s fees granted by statute are substantive rather than procedural.” Moser v. Barron Chase Sec., Inc., 783 So.2d 231, 236 (Fla.2001), citing with approval, U.S. Sec. Ins. Co. v. Cahuasqui, 760 So.2d 1101, 1107 (Fla. 3d DCA 2000); see also Timmons v. Combs, 608 So.2d 1, 2-3 (Fla.l992)(“it is clear that the circumstances under which a party is entitled to costs and attorney’s fees is substantive”), and Leapai v. Milton, 595 So.2d 12 (Fla.1992).
The Fifth District has held that the broad changes made in 1999 to section 57.105 do not have retroactive effect. See Airtran Airways, Inc. v. Avaero Noise Reduction Joint Venture, 858 So.2d 1232, 1233 (Fla. 5th DCA 2003)(“We have held recently that the 1999 version of section 57.105 applies to actions taken, positions maintained or papers filed subsequent to October 1, 1999,” the effective date of the statute); Mullins v. Kennedy, 847 So.2d 1151 (Fla. 5th DCA 2003). The Third District has held similarly. See Bisson v. Arellano, 844 So.2d 648 (Fla. 3d DCA 2003).
Walker, 946 So.2d at 71.
The Walker court also pointed out that in Maxwell this court described the amendment as a “procedural change” to the statute. Hampton argues that because we referred to the amendment as “procedural,” it follows that it would apply retroactively. Young v, Altenhaus, 472 So.2d 1152 (Fla.1985) (statutes relating only to procedure are generally retroactive). We disagree with Hampton for two reasons.
First, as we noted earlier, in Maxwell we did not decide the issue before us in this case, which is whether the twenty-one day safe harbor was retroactive. We applied the amendment in Maxwell because the motion for section 57.105 fees had been filed after the effective date of the statute. Second, statutes which affect substantive rights can also have procedural aspects to them. Smith v. Dep’t of Ins., 507 So.2d 1080, 1092 (Fla.1987) (“The legislature, which has the authority to abolish punitive damages can surely set the standard for establishing such claims. The Court is of the view that both sections create substantive rights and further that any procedural provisions of these sections are intimately related to the definition of those substantive rights.”). As in Smith, the amendment in this case has procedural aspects, but affects substantive rights, and cannot be retroactive.
Nor are we particularly sympathetic to Hampton’s argument that he should have had the twenty-one day notice required by the amendment. As we indicated earlier, Hampton was in fact put on notice by the letter Congress wrote him on August 7, 2001, informing him Congress would seek section 57.105 fees if the case against Congress were not dismissed. Hampton thus had far more than the twenty-one days the amendment provides to avoid these fees.

Affirmed.

HAZOURI, J., and METZGER, ELIZABETH A., Associate Judge, concur.