REVISED OPINION
 

 GRIFFIN, J.
 

 Frank W. Kenniasty [“Kenniasty”] and Judith Deitz and William Moore d/b/a Techniarts Engineering [“Deitz and Moore”] timely appeal the trial court’s entry of final judgment awarding Bionetics Corporation [“Bionetics”] $39,025.78 in attorney’s fees and costs against each pursuant to Section 57.105, Florida Statutes.
 
 [1]
 
 We reverse.
 

 This case arose as a result of Deitz and Moore having prevailed in earlier litigation. In that case, Bionetics had filed a complaint against Deitz and Moore in 1999, alleging an ownership interest in motion picture film-processing [“MOPIX”] equipment that Deitz and Moore had purchased from the Defense Reutilization and Management Office. In its complaint, Bionet-ics also sought sequestration of the MO-PIX equipment. The court granted an order of sequestration, and the MOPIX equipment was sequestered in a temperature and humidity-controlled environment at Deitz’s
 
 &
 
 Moore’s facility. There, the MOPIX equipment remained substantially assembled.
 

 Deitz and Moore sought relief from the sequestration, offering to post a bond “in lieu of sequestration of the MOPIX [equipment so that [they] could continue their business opportunities.” Bionetics rejected the offer, and the trial court denied the motion. Later, Deitz and Moore filed a motion to amend the order of sequestration because the lease had expired on them facility. The trial court ordered the Sheriff to move the MOPIX equipment to Bionetics’ facility for storage.
 

 The case went to trial and Deitz and Moore prevailed as the legal owners of the
 
 *1185
 
 MOPIX equipment, and the trial court vacated the order of sequestration. When Deitz and Moore entered Bionetics’ facility, they found it in a seriously degraded condition in a non-secure area with “a leaking roof, no air conditioning units, ... lack of ventilation, and extreme filth and dust.” The equipment was disassembled and scattered on the facility’s floor.
 

 In 2001, Deitz and Moore, with Ken-niasty as counsel, filed a four count complaint against Bionetics, alleging malicious prosecution in count one, negligent sequestration in count two, misappropriation of trade secrets in count three, and tortious interference with business relations in count four. Bionetics filed a motion to dismiss all counts. The trial court denied the motion as to count one, deferred in ruling as to count two, and granted the motion as to counts three and four with leave to amend.
 

 Deitz and Moore filed an amended four count complaint on February 13, 2002, alleging malicious prosecution in count one, negligent sequestration in count two, misappropriation of trade secrets in count three, and tortious interference with business relations in count four. Bionetics once again filed a motion to dismiss all counts. The trial court granted the motion with prejudice as to count two, and with leave to amend as to counts one, three and four.
 

 On April 10, 2002, Deitz and Moore filed a second amended complaint, which consisted of six counts: malicious prosecution in count one, misappropriation of trade secrets in count two, tortious interference with business relations in count three, invasion of privacy in count four, trespass to property in count five, and violation of the Procurement Integrity Act (41 U.S.C. § 423) in count six. Again, Bionetics filed a motion to dismiss all counts. The trial court granted the motion with leave to amend counts one through five, and with prejudice as to count six.
 

 Deitz and Moore filed a third amended complaint on September 17, 2002, alleging malicious prosecution in count one, misappropriation of trade secrets in count two, and tortious interference with business relations in count three. Bionetics once more filed a motion to dismiss all counts. The trial court denied the motion as to count one but granted the motion as to counts two and three with leave to amend.
 

 On November 12, 2002, Deitz and Moore filed a fourth amended complaint, alleging malicious prosecution in count one, misappropriation of trade secrets in count two, and defamation in count three. Bionetics filed a motion to dismiss counts two and three. The trial court denied the motion as to count two, but granted the motion as to count three with leave to amend.
 

 On March 28, 2003, Bionetics filed a motion for award of attorney’s fees pursuant to section 57.105, Florida Statutes (2002). The trial court deferred consideration and ruling on the award of attorney’s fees until the conclusion of the trial. The case was tried without a jury and, at the close of Deitz’s & Moore’s case, Bionetics moved for involuntary dismissal, which the trial court granted. On July 21, 2004, Bionetics filed a second motion for an award of attorney’s fees pursuant to Section 57.105, Florida Statutes.
 

 Kenniasty and Deitz and Moore correctly argue on appeal that the trial court erred in awarding section 57.105 fees because Bionetics failed to provide proper notice under the safe harbor provision of the statute. Section 57.105(4) was added to Section 57.105 by an amendment that took effect on July 1, 2002. Section 57.105(4) provides:
 

 A motion by a party seeking sanctions under this section must be served but
 
 *1186
 
 may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
 

 Although Deitz and Moore filed suit prior to the effective date of section 57.105(4), this safe harbor provision applied because Bionetics filed its motion for attorney’s fees on March 28, 2003, well after its July 1, 2002, effective date. Bionetics erroneously contends that the safe harbor provision of section 57.105(4) represented a substantive rather than procedural statutory change and therefore could not be applied in this lawsuit.
 

 In
 
 Hampton v. Cale, Inc.,
 
 964 So.2d 822, 823 (Fla. 4th DCA 2007), the Fourth District Court of Appeal held that the “2002 amendment to section 57.105, which requires twenty-one days’ notice to the non-moving party to withdraw a challenged claim or defense, is not retroactive.” In describing the operation of the amendment, the
 
 Hampton
 
 court relied on an earlier Fourth District Court of Appeal decision,
 
 Maxwell Bldg. Corp. v. Euro Concepts, LLC,
 
 874 So.2d 709, 711-12 (Fla. 4th DCA 2004). In
 
 Maxwell,
 
 the lawsuit had been filed prior to the amendment. The
 
 Hampton
 
 court explained:
 

 First, as we noted earlier, in
 
 Maxwell
 
 we did not decide the issue before us in this case, which is whether the twenty-one day safe harbor was retroactive.
 
 We applied the amendment in Maxwell because the motion for section 57.105 fees had, been filed after the effective date of the statute.
 

 964 So.2d at 825 (emphasis added, citations omitted). We have previously observed in
 
 Airtran Airways, Inc. v. Avaero Noise Reduction Joint Venture,
 
 858 So.2d 1232, 1233 (Fla. 5th DCA 2003), that the 1999 amendments to section 57.105 applied to actions taken, positions maintained, or papers filed subsequent to the effective date of the amendment.
 

 Taken together,
 
 Hampton, Maxwell,
 
 and
 
 Airtran
 
 lead to the common sense conclusion that the safe harbor provision applies in situations like this case where the lawsuit was filed before July 1, 2002, but the motion for attorney’s fees was not filed until after this date. Here, because Bionetics failed to give proper notice under section 57.105(4) as to the counts for invasion of privacy and violation of the Procurement Integrity Act, the trial court erred in awarding Bionetics attorney’s fees for these counts.
 

 Bionetics claims that even if the safe harbor provision applies, it did comply with the safe harbor provision as it relates to the count for tortious interference with business relations because Bionetics’ attorney sent Kenniasty a letter on April 5, 2002, advising Kenniasty and Deitz and Moore that Bionetics intended to seek attorney’s fees under section 57.105 in the event that Deitz and Moore continued with the claims for misappropriation of trade secrets and tortious interference with business relations. Initially, we note with approval the recent decisions of the Third District Court of Appeal in
 
 Anchor Towing, Inc. v. Florida Department of Transportation,
 
 10 So.3d 670 (Fla. 3d DCA 2009), and
 
 Nathan v. Bates,
 
 998 So.2d 1178 (Fla. 3d DCA 2008), both of which conclude that the word “motion” in the statute means “motion”, not a letter and that notice by letter does not meet the restrictive terms of the statute.
 
 [2]
 

 
 *1187
 
 Additionally, we consider whether awarding fees for the tortious interference count was permissible under the terms of section 57.105. We are somewhat hampered in our examination of the trial court’s award of fees under Section 57.105 for the tortious interference with business relations count because the judge who entered the order made no findings and he is now deceased.
 
 See Daniels v. Reeves,
 
 712 So.2d 839, 840 (Fla. 1st DCA 1998) (award of section 57.105 attorney’s fees reversed “because the order awarding attorney fees contain[ed] no findings of fact”).
 
 See also Glisson v. Jacksonville Transp. Auth.,
 
 705 So.2d 136, 137 (Fla. 1st DCA 1998). This matter is further complicated because the trial court’s sanction was for a claim it denominated “tortious interference with contract,” a claim never filed by Deitz and Moore. The complaints alleged “tortious interference with business relations.” There is simply no way to ascertain whether the trial court simply made a scrivener’s error or whether it made a substantive error.
 

 In
 
 Magre v. Charles,
 
 729 So.2d 440, 443-44 (Fla. 5th DCA 1999), this Court identified the four elements of tortious interference with business relations as follows:
 

 1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; 2) knowledge of the relationship on the part of the defendant; 3) an intentional and unjustified interference with that relationship by the defendant; and 4) damage to the plaintiff as a result of the breach of the relationship.
 

 Kenniasty contends that the second amended complaint sufficiently states a cause of action for tortious interference with business relations and that the trial court erred in finding it frivolous either as a matter of law or fact. After examining this count, we are bound to agree that it does not meet the threshold required for a finding of frivolousness under section 57.105. The allegations are prolix and messy, but they do state a claim. We reverse the award of attorney’s fees in' favor of Bionetics.
 

 The trial court also erred in assessing costs against Kenniasty personally. Whether the quality of his representation might support a claim on the part of Deitz and Moore to recover any portion of costs assessed against them is not determinable in this appeal.
 

 REVERSED and REMANDED.
 

 TORPY, J., and PLEUS, R., Senior Judge, concur.
 

 [1]
 

 . Kenniasty and Deitz and Moore separately filed notices of appeal. This Court consolidated both cases for purposes of appeal.
 

 [2]
 

 . This point was made in Kenniasty's brief, but we failed to address it in our earlier opinion.