KELLY, Judge.
Appellant, 326-380 St. Armands Circle, LLC (St. Armands), challenges the amended final judgment that found it had breached its commercial lease with Appellees, GEE22, LLC, and Peter Geannopulos (collectively GEE22), for restaurant space by failing to timely have the property ready for occupation by a date certain. It also challenges the trial court’s dismissal with prejudice of its counterclaims alleging that GEE22 breached the lease by abandoning the premises and failing to pay rent. We reverse.
GEE22 sought to lease space from St. Armands to open a restaurant. When GEE22 entered into the lease on August 23, 2007, St. Armands was in the process of gutting and remodeling the premises, including installing an elevator. To install the elevator, St. Armands was required to draw up architectural plans, obtain permits, demolish portions of the building, order the elevator, and upgrade the electrical system. The elevator had to be completed before GEE22 could obtain a restaurant liquor license. Section 23.27(a)(2) of the lease provided that time was of the essence with respect to the performance of the respective obligations of the landlord and the tenant; however, no date for the completion of the renovations to the building was specified in the lease. The trial court found that St. Ar-mands breached the “time is of the essence” clause when it failed to have the building ready by February 6, 2008, less than six months after the lease was signed.
In this appeal, GEE22 argues the trial court was right to find that St. Ar-mands breached the lease, although it does not defend the trial court’s determination that the “time is of the essence clause” was breached. It urges us to affirm the trial court under the “tipsy coachman doctrine.” See Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (“[T]he ‘tipsy coachman’ doctrine[ ] allows an appellate court to affirm a trial court that ‘reaches the right result, but for the wrong reasons’ so long as *355 ‘there is any basis which would support the judgment in the record.’ ” (quoting Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999))). Specifically, GEE22 argues that although the lease contained no date for the completion of St. Armands’ work, the circumstances surrounding the execution of the lease led GEE22 to expect that the renovations would be completed by November 15, 2007. It contends that St. Armands’ failure to fulfill that expectation was a breach of the lease.
In order for a court to consider the intention of the parties outside of the written contract, there must be some ambiguity in the contract. Without a finding of ambiguity, a court is not at liberty to consider extrinsic evidence of intent. Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So.2d 1000, 1002 (Fla. 2d DCA 1995) (“[B]efore a trial court can consider such extrinsic evidence in interpreting a contract, the words used must be unclear such that an ambiguity exists on the face of the contract.”). GEE22 points to no ambiguity in the language of the lease which would require the court to find an implied term, i.e., a specific date of completion. To the contrary, several provisions in the lease belie the fact that the completed construction was promised on a date certain. For example, section 23.27(a)(2) states: “Provided LANDLORD is able to obtain all necessary permits, LANDLORD shall install an elevator which is accessible from the Downstairs Space and the common area outside the Downstairs Space and is accessible from the Upstairs Space.” No dates regarding the permitting or installation of the elevator were specified in the lease. Rather, the lease granted St. Armands some leeway in installing the elevator as long as it “worked diligently” toward that goal. Specifically, section 23.27(b) states that “the installation of the elevator must be completed before, and is necessary for TENANT to obtain a 4COP SRX Restaurant liquor license. Therefore, LANDLORD agrees to work diligently to complete the installation of the elevator so as not to delay TENANT’S ability to apply for and obtain such liquor license.”
Accordingly, because the record does not support a finding that St. Armands breached the lease, we reverse the judgment in favor of GEE22 and remand for reconsideration of St. Armands’ counterclaims.
Reversed and remanded for further consideration.
MORRIS and SLEET, JJ., Concur.