NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

326-330 ST. ARMANDS CIRCLE, LLC,      )
                                       )
              Appellant,               )
                                       )
v.                                     )      Case No. 2D13-1974
                                       )
GEE22, LLC,                            )
                                       )
              Appellee.                )
_____)

Opinion filed April 8, 2015.

Appeal from the Circuit Court for Sarasota
County; Stephen L. Dakan, Senior Judge.

Bard D. Rockenbach of Burlington &
Rockenbach, P.A., West Palm Beach, for
Appellant.

Joseph F. Summonte, Jr. of Law Office of
Joseph F. Summonte, Jr., P.A., Part of
Betterton, Tyler & Summonte, PL, Venice,
for Appellee.

BLACK, Judge.

In 326-330 St. Armands Circle, LLC v. GEE22, LLC, 139 So. 3d 353 (Fla.

2d DCA 2014), involving a dispute over a commercial lease for restaurant space, this

court reversed the amended final judgment entered in favor of GEE22, LLC, and

remanded the matter for further consideration. 326-330 St. Armands Circle, LLC (St. Armands), now challenges the final judgment awarding attorneys' fees and costs to GEE22 based on the prevailing party fees and costs provision of the subject lease, arguing that this court's decision in the underlying appeal mandates reversal. We agree and reverse. See Wagner v. Uthoff, 868 So. 2d 617, 618 (Fla. 2d DCA 2004) ("[T]he portion of the judgment awarding attorneys' fees pursuant to the offer of judgment must be reversed because the underlying judgment has been reversed."); S & I Invs. v. Payless Flea Mkt., Inc., 40 So. 3d 48, 49 (Fla. 4th DCA 2010) ("Because we reversed the final judgment in favor of tenant, we must also reverse the award of attorney's fees and costs predicated thereon.").

Reversed.

VILLANTI, C.J., and NORTHCUTT, J., Concur.