IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

INFINITI EMPLOYMENT  SOLUTIONS,
INC., ETC.,

        Appellant,

 v.                                         Case No.  5D14-583

MS LIQUIDATORS OF ARIZONA,
LLC, ETC.,

        Appellee.

_____/

Opinion filed November 4, 2016

Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Rosemary  H.  Hayes,  of  Hayes  Law,  PL,
Orlando, for Appellant.

Scott A. Smothers, of Smothers Law Firm,
P.A., Apopka, for Appellee.


LEMONIDIS, R., Associate Judge.

     Infiniti Employment Solutions, Inc., ("Infiniti") appeals a final judgment which, in part, denied its two motions for attorney's fees and delay damages filed pursuant to section 57.105, Florida Statutes (2013).  For the following reasons, we conclude that the trial court applied the wrong standard in considering and denying attorney's fees and delay damages to Infiniti, and therefore, we reverse.

Appellee, MS Liquidators of Arizona, LLC ("MS Liquidators"), contracted with Infiniti where, for a fee, Infiniti would interview, screen, and hire temporary employees to work at MS Liquidators' stores and warehouses. Once Infiniti performed under the contract and sent an employee to work at an MS Liquidators store, it would send MS Liquidators an invoice for its services. Despite receiving nine separate invoices from Infiniti, all without objection, MS Liquidators failed to pay the accrued balance due of $16,828. Infiniti thereafter filed suit against MS Liquidators to collect on this debt, asserting causes of action for breach of contract, account stated, open account, and quantum meruit/unjust enrichment.

In its answer, MS Liquidators raised several affirmative defenses, including that the contract between the parties was unenforceable due to the absence of essential terms and for a lack of consideration. MS Liquidators also asserted that it was entitled to a setoff against any damages that it potentially owed to Infiniti. After conducting discovery, Infiniti served a motion for attorney's fees and delay damages pursuant to section 57.105, Florida Statutes (2013), alleging, among other things, that the affirmative defenses of lack of consideration and lack of essential terms in the contract were both factually and legally unsupportable. Several months later, Infiniti served a second motion for attorney's fees and delay damages pursuant to section 57.105. In this later motion, Infiniti asserted that the setoff affirmative defense was not supported by the material facts in the case or the present law applicable to the facts. In each motion, Infiniti sought attorney's fees not only against MS Liquidators but also from its attorneys and from Mr. Morrie Sherman ("Sherman") individually, as the owner of MS Liquidators. Infiniti also sought delay damages based on section 57.105(2), which provides for sanctions against parties and

counsel who interpose frivolous defenses or pursue litigation for the purpose of unreasonable delay. *Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 944 (Fla. 2011).[1]

After two years of litigation, on the morning of the scheduled trial, MS Liquidators consented to entry of a judgment for the $16,828 debt, plus attorney's fees. Following the entry of this judgment, Infiniti filed a motion that essentially sought to enforce or recover on its earlier motions for section 57.105 attorney's fees and delay damages.

---

[1] Section 57.105(1) and (2), Florida Statutes, specifically provides:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

> (a) Was not supported by the material facts necessary to establish the claim or defense; or

> (b) Would not be supported by the application of then-existing law to those material facts.

> (2) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.

At the hearing held on Infiniti's motion, the trial court "reluctantly" denied the motion in its entirety based upon its determination that MS Liquidators' one affirmative defense, that the contract was unenforceable due to its lack of essential terms, was not "entirely baseless."  Although the trial court made no written findings in its final judgment for the denial, in its oral ruling, the court made the following findings and observations:

> I didn't necessarily find that defense [essential terms] as being entirely without merit.  I think thoughtful arguments were raised.  You [Infiniti's attorney] happened to carry the day on the performance issue.  So I don't think I would find there is a 57.105 issue.  I don't know what a party is supposed to do if they think I'm wrong on that other than to go to trial and appeal me.
>
> I think I would agree that I saw absolutely no evidence from the get-go that there was any setoff here, certainly after some initial discovery was done and it was pointed out that they weren't claiming damages for payments already made.  We talked about that at a hearing.
>
> And I think once that was cleared up, yeah, the defense probably ought to have been withdrawn.  I think failure of consideration was one, but if at least one of these defenses, though, I think had merit, how do we parse that out and why shouldn't they be able to avail the right to appeal me if I was wrong?
>
> So I'm not sure I can award fees under 57.105 because at least one of these – you know, I can say to this side of the table, and I know you guys have a client, which is the defendant, to answer to, but this is not the way.
>
> This is a model of unprofessionalism over a $16,000 claim that he capitulates to on the last day, and you are hanging your hat on a thread of one defense that I say has some merit.  It really was an enormous waste of legal and judicial resources to do this, you know.

4

. . . .

> Frankly, it's shameful, but I also can't criticize you for raising an issue of lack of essential terms . . . but for the life of me, Mr. Sherman needs to understand this is not the way he's to use the court.

A trial court's order denying a request for attorney's fees pursuant to section 57.105 is reviewed for an abuse of discretion. *See Ferere v. Shure*, 65 So. 3d 1141, 1144 (Fla. 4th DCA 2011) (citation omitted). "However, to the extent a trial court's order on attorney's fees is based on its interpretation of the law," an appellate court employs the de novo standard of review. *Id.* (citation omitted). We find that the court erred in denying Infiniti's motions for attorney's fees and delay damages because it is evident that the trial court analyzed and ruled on the motions based on the standard applicable to the pre-1999 version of section 57.105, Florida Statutes, and not the present version of the statute.

Prior to 1999, section 57.105 authorized an award of attorney's fees only when there was a complete absence of a justiciable issue of either law or fact raised by the losing party. *Mullins v. Kennelly*, 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003) (citing § 57.105, Fla. Stat. (1997) (additional citation omitted)). "The statute was amended in 1999 as part of the 1999 Tort Reform Act 'to reduce frivolous litigation and thereby to decrease the cost imposed on the civil justice system by broadening the remedies that were previously available' . . . ." *Bionetics Corp*, 69 So. 3d at 947 (quoting *Yakavonis v. Dolphin Petroleum, Inc.*, 934 So. 2d 615, 619 (Fla. 4th DCA 2006)). "The current version [of section 57.105, Florida Statutes], however, now authorizes an award of fees if a party or its counsel knew or should have known that any claim or defense asserted 'was not

5

supported by material facts,' or 'would not be supported by the application of then existing law to those material facts.'" *Airtran Airways, Inc. v. Avaero Noise Reduction Joint Venture*, 858 So. 2d 1232, 1233 (Fla. 5th DCA 2003). Here, the trial court should have separately evaluated each of the three affirmative defenses and determined at what point "defense activities became unsupported." *Id.*

At the hearing held on attorney's fees and delay damages, Infiniti presented evidence that during Sherman's deposition, as the owner and designated corporate representative of MS Liquidators, taken before Infiniti filed its first section 57.105 motion, Sherman could not describe or provide any evidence to support the pleaded setoff affirmative defense.[2] Furthermore, although MS Liquidators raised the defenses of lack of consideration and lack of essential terms to the enforceability of the contract, it filed a joint pretrial statement with the court in which it stipulated that the parties executed a valid, binding contract. Thus, it is clear that at some point before trial, MS Liquidators recognized that its setoff affirmative defense and its two affirmative defenses to the enforceability of the contract were not supported by material facts or the application of the then-existing law to the material facts. Additionally, Infiniti had provided MS Liquidators with the twenty-one-day window described in section 57.105(4), Florida Statutes (2013), to withdraw or correct these three affirmative defenses and thus avoid the possibility of sanctions under this statute, but MS Liquidators took no action to remedy or withdraw these defenses.

---

[2] At the post-judgment hearing, the company's attorney acknowledged that MS Liquidators was unable to support the setoff defense.

6

We conclude that, under these circumstances, the trial court erred in its analysis and denial of Infiniti's motions for attorney's fees and delay damages. Ordinarily, we would remand this case to the trial court to allow it to evaluate Infiniti's motions under the current version of the statute. However, based upon the trial court's previously described oral pronouncements at the conclusion of the hearing, together with our review of the record, we find that further evaluation by the trial court is unnecessary and that awards of attorney's fees and delay damages under this statute, if the latter can be sufficiently established, are warranted. We therefore direct the trial court to hold a hearing for the purposes of determining when MS Liquidators' three affirmative defenses became unsupported by the material facts or the application of then-existing law to those material facts and to award attorney's fees incurred by Infiniti in litigating these defenses. *See Airtran Airways, Inc.*, 858 So. 2d at 1233; s*ee also Wagner v. Uthoff*, 868 So. 2d 617, 619 (Fla. 2d DCA 2004).

At this hearing, the trial court shall also provide Infiniti the opportunity to prove, if it can, the amount of its delay damages over and above the attorney's fees it sustained as a result of MS Liquidators' assertion of these three baseless affirmative defenses. *See Korte v. U.S. Bank Nat'l Ass'n*, 64 So. 3d 134, 139 (Fla. 4th DCA 2011) (affirming award of attorney's fees and costs and delay damages pursuant to section 57.105). The trial court is also directed to consider whether to assess attorney's fees and delay damages against Sherman individually, if appropriate.[3] *See Zweibach v. Gordimer*, 884 So. 2d 244, 248 (Fla. 2d DCA 2004) (holding that, for purposes "of assessing fees pursuant to

---

[3] We take no position as to whether Sherman should be personally liable for attorney's fees or delay damages in this case.

7

section 57.105, the term 'party' is subject to an expanded definition" to include "not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of [the] proceedings" (alteration in original) (quoting *Lage v. Blanco*, 521 So. 2d 299, 300 (Fla. 3d DCA 1988))).

Lastly, we note that in the final judgment under review, the trial court did award Infiniti the "full amount" of $27,179.25 for its attorney's fees against MS Liquidators based upon the provision in the parties' contract that permitted an award of attorney's fees to the prevailing party in the litigation. As such, we reverse the final judgment only to the extent that it denied Infiniti's claim for attorney's fees under section 57.105 and remand for the trial court to determine, consistent with the statute, what amount of these previously awarded attorney's fees are to be assessed against attorneys Brown and Smothers, and potentially assessed against Sherman as indicated above.

REVERSED and REMANDED, with directions.

COHEN and LAMBERT, JJ., concur.