IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHARLES T. MOORE, ESQ.,

      Appellant,

 v.                                                                 Case No.  5D17-2242

ESTATE OF FLAIRE MAE ALBEE,
BY MARY BENZENHAFER,
PENNY A. COFFEY, LISA HOGAN,
CHRISTINA FOX, JEFFREY LINDWAY,
AND MICHAEL FARRAR,

      Appellees.

_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Volusia County,
Christopher A. France, Judge.

Charles T. Moore, Port Orange, pro se.

Michael Farrar, Aventura, pro se.

No Appearance for other Appellees.

LAMBERT, J.

Charles Moore appeals the trial court's order denying his motion for attorney's fees under section 57.105, Florida Statutes (2013).  Moore argues that the court erred because it applied an incorrect standard in evaluating and, thereafter, denying his motion.

Although Moore is correct, we nevertheless affirm because, as we explain below, the trial court reached the right result, albeit for the wrong reason.

Moore is an attorney who represented the heirs of the Estate of Fred Albee. At the time of his death, Fred Albee ("Fred") was married to Flaire Mae Albee ("Flaire Mae"). Fred died testate, but his will made no mention of his wife. Instead, Fred's will devised his estate to his prior wife, Maxine Kennedy ("Maxine"), to whom he was married at the time that he executed his will. The will provided that if Maxine should predecease Fred, then his estate was to be distributed to his daughter and grandchildren ("the Albee Heirs"). Fred and Maxine divorced in 1992. Fred died in December 1994, and Maxine died the following year.

In July 2010, Moore, on behalf of the Albee Heirs, petitioned for the summary administration of Fred's estate, which the probate court granted. By this time, Flaire Mae had also died. Flaire Mae's estate, believing that it was entitled to one-half of the assets of Fred's estate by virtue of Flaire Mae being Fred's pretermitted spouse,[1] sought to

---

[1] Section 732.301, Florida Statutes (2016), "Pretermitted spouse," states:

> When a person marries after making a will and the spouse survives the testator, the surviving spouse shall receive a share in the estate of the testator equal in value to that which the surviving spouse would have received if the testator had died intestate, unless:
>
> (1) Provision has been made for, or waived by, the spouse by prenuptial or postnuptial agreement;
>
> (2) The spouse is provided for in the will; or
>
> (3) The will discloses an intention not to make provision for the spouse.

reopen the summary administration proceedings. After being unsuccessful in that endeavor, Flaire Mae's estate separately brought a civil action in circuit court against the Albee Heirs and attorney Moore to essentially recover one-half of Fred's estate. Moore moved to dismiss this complaint based on the defense of res judicata, arguing that Flaire Mae's estate's claim, if any, in Fred's estate had been determined adversely to Flaire Mae in a separate proceeding. The trial court denied the motion in an unelaborated order.

Pertinent to the present appeal, in September 2013, Moore and the Albee Heirs filed a one-sentence motion for attorney's fees under section 57.105, Florida Statutes, against the personal representative of Flaire Mae's estate and her counsel, Michael Farrar, asserting that they "knew or reasonably should have known that this action is barred by res judicata and collateral estoppel." Approximately two years later, the Albee Heirs and Moore moved for a final summary judgment, raising substantive grounds that are not pertinent to the instant appeal as to why Flaire Mae's estate was not entitled to Flaire Mae's pretermitted spousal share in Fred's estate. The Albee Heirs and Moore also asserted in their motion that the action filed against them by Flaire Mae's estate was barred by collateral estoppel and res judicata. The trial court granted final summary judgment in favor of the Albee Heirs and Moore on the substantive grounds argued and made no mention in the final judgment regarding the collateral estoppel or res judicata defenses raised. On Flaire Mae's estate's appeal and the Albee Heirs' and Moore's

---

The share of the estate that is assigned to the pretermitted spouse shall be obtained in accordance with s. 733.805.

The language of this statute is the same as it was in 1994 when Fred Albee died.

3

cross-appeal, this court affirmed the final summary judgment without opinion. *Estate of Albee v. Coffey*, 222 So. 3d 1228 (Fla. 5th DCA 2017).

After the mandate issued on the appeal, the trial court held a hearing on the aforementioned section 57.105 motion for attorney's fees. In denying the motion, the court concluded in its order that it "cannot find the matters presented by the [Flaire Mae Estate] were so devoid of a justiciable issue of either fact or law to be completely untenable." This appeal followed.

"A trial court's order denying a request for attorney's fees pursuant to section 57.105 is reviewed for an abuse of discretion." *Infiniti Emp't Sols., Inc. v. MS Liquidators of Ariz., LLC*, 204 So. 3d 550, 553 (Fla. 5th DCA 2016) (citing *Ferere v. Shure*, 65 So. 3d 1141, 1144 (Fla. 4th DCA 2011)). "'However, to the extent a trial court's order on attorney's fees is based on its interpretation of the law,' an appellate court employs the de novo standard of review." *Id.* (quoting *Ferere*, 65 So. 3d at 1144).

Section 57.105, Florida Statutes, provides in pertinent part:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

4

Moore argues that the trial court erred because it denied the motion based on a standard no longer appropriate in determining a party's entitlement to attorney's fees under section 57.105. As we have recently reiterated, "[p]rior to 1999, section 57.105 authorized an award of attorney's fees only when there was a complete absence of a justiciable issue of either law or fact raised by the losing party." *Infiniti Emp't Sols. Inc.*, 204 So. 3d at 553 (quoting *Mullins v. Kennelly*, 847 So. 2d 1151, 1154 (Fla. 5th DCA 2003)). Here, as Moore correctly observes, the trial court appears to have utilized this pre-1999 standard of a "complete absence of a justiciable issue" instead of applying the "knew or should have known" standard now applicable.

Typically, we would reverse and remand to the trial court for reconsideration of the issue of attorney's fees under the present version of section 57.105. *See Airtran Airways, Inc. v. Avaero Noise Reduction Joint Venture*, 858 So. 2d 1232, 1233 (Fla. 5th DCA 2003) (remanding for trial court to reconsider attorney's fees under the post-1999 version of section 57.105 after the trial court, in denying the motion, found that there was "no justiciable issue, either in fact or law"). However, based on the circumstances and record before us, we affirm the order on appeal under the tipsy coachman rule. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (stating that the "'tipsy coachman' doctrine[ ] allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record,'" (quoting *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644–45 (Fla. 1999))); *Walker v. Cash Register Auto Ins. of Leon Cty., Inc.*, 946 So. 2d 66, 71 (Fla. 1st DCA 2006) (affirming an award of attorney's fees under section 57.105(1) based on the tipsy coachman rule).

Moore's motion for section 57.105 attorney's fees specifically placed Flaire Mae's estate and its attorney on notice that Moore contended that the estate's entire action was "barred by res judicata and collateral estoppel."[2] At that point, section 57.105(4) provided Flaire Mae's estate and its counsel with a twenty-one-day "safe harbor" period to first evaluate Moore's argument that they either knew or should know that the estate's claim against Fred's estate would be unsuccessful based on one or both of these defenses and to thereafter dismiss its complaint and thus avoid attorney's fees under this statute. After Flaire Mae's estate did not voluntarily dismiss its complaint within the twenty-one days, Moore and the Albee Heirs moved for final summary judgment, arguing that Flaire Mae's estate was not substantively entitled to the pretermitted spousal share and that its claim was also barred by res judicata and collateral estoppel. As previously discussed, the trial court entered final summary judgment in favor of the Albee Heirs and Moore based on the substantive ground argued and not on the viability or merits of either the res judicata or collateral estoppel defenses. Because the record clearly shows that Moore and the Albee Heirs did not prevail against Flaire Mae's estate on either of their two defenses

---

[2] Subsequent to the issuance of our mandate in the appeal of the final summary judgment, Moore filed a First Amended Motion for Section 57.105 Attorney's Fees, in which he raised additional grounds for sanctions. We have not considered that motion for two reasons. First, there is no indication that Moore complied with the twenty-one-day "safe harbor" provision of section 57.105(4). *See Lago v. Kame by Design, LLC*, 120 So. 3d 73, 75 (Fla. 4th DCA 2013) ("[I]f a party files a subsequent or amended motion for sanctions under section 57.105 and raises an argument that was not raised in the original motion for section 57.105 sanctions, the subsequent motion must independently comply with the twenty-one-day 'safe harbor' provision of section 57.105(4)."). Second, the primary purpose of a section 57.105 motion filed by a party in the trial court is to provide the opposing party with a final opportunity to withdraw a claim or defense in the trial court litigation and avoid being exposed to an attorney's fee sanction. That purpose is not served when, as here, the motion is filed after the final judgment is entered and the appeal of that judgment is concluded.

6

raised in their motion for attorney's fees, they would not be entitled to an award of section 57.105 attorney's fees. Thus, the trial court properly denied Moore's motion for attorney's fees, but not for the reasons stated in its order.

AFFIRMED.

PALMER and WALLIS, JJ., concur.

7